MEMORANDUM **
In these consolidated cases, Mukesh Kumar Rattan, his wife Uma Urmila Rattan, and their children, all natives and citizens of Fiji, petition for review of the Board of Immigration Appeals’ (“BIA”) order summarily affirming an immigration judge’s (“IJ”) decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”) (No. 07-70635), and the BIA’s order denying their motion to reopen (No. 07-72118). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, Sinha v. Holder, 564 F.3d 1015, 1020 (9th Cir.2009), and we review for abuse of discretion the denial of motions to reopen, Lara-Torres v. Ashcroft, 383 F.3d 968, 972 (9th Cir.2004). In petition No. 07-70635, we deny in part and grant in part the petition for review and remand. In petition No. 07-72118, we dismiss the petition for review as moot.
Substantial evidence supports the IJ’s denial of CAT relief because Rattan failed to demonstrate it is more likely than not he will be tortured if returned to Fiji. See Singh v. Gonzales, 439 F.3d 1100, 1113 (9th Cir.2006).
Substantial evidence supports the IJ’s finding that Rattan failed to establish that his wife was robbed on account of a protected ground. See Gormley v. Ashcroft, 364 F.3d 1172, 1177 (9th Cir.2004). Substantial evidence also supports the IJ’s finding that Rattan’s inability to attend religious services due to a government imposed curfew was not persecution on account of a protected ground. See Fisher v. INS, 79 F.3d 955, 961-63 (9th Cir.1996) (en bane).
However, regarding the mistreatment Rattan suffered when answering a fire call, the beating of Rattan’s cousin, the incidents of stone-throwing, and the weekly extortion and threats of rape and arson against Rattan’s family, the IJ’s findings do not address these elements of past persecution. See Sinha, 564 F.3d at 1020-25. In addition, the IJ’s past persecution findings based on a lack of evidence are not supported by the record. Accordingly, we grant the petition with respect to Rattan’s asylum and withholding of removal claims, and we remand for the IJ to determine whether, individually or cumulatively, Rattan has established the incidents he suffered rose to the level of persecution, were on account of a protected ground, and were committed by forces the government is either unable or unwilling to control, and whether he has established a well-founded fear of future persecution. See id. at 1026.
In light of our disposition in No. 07-70635, Rattan’s challenge to the BIA’s order denying his motion to reopen is moot.
The parties shall each bear their own costs on appeal.
*939 No. 07-70635: PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.
No. 07-72118: PETITION FOR REVIEW DISMISSED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.